United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41023
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE NAVARETTE-JACINTO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-380-1
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Navarette-Jacinto appeals his guilty-plea conviction

and sentence for illegal reentry into the United States following

deportation.  He argues that the district court committed

reversible error under United States v. Booker, 125 S. Ct. 738

(2005), by sentencing him pursuant to a mandatory application of

the guidelines.  As the Government concedes, Navarette preserved

this issue for review by raising an objection based upon Blakely

v. Washington, 542 U.S. 296 (2004), in the district court.  See

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Walters, 418 F.3d 461, 462-63 (5th Cir. 2005).
Accordingly, the question before us "is whether the government has met its burden to show harmless error beyond a reasonable doubt." Id. at 464.

The district court erred by sentencing Navarette under the mistaken belief that the guidelines were mandatory. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005). The district court sentenced Navarette at the low end of the guidelines range, and nothing in the record indicates what sentence it would have imposed had it known that the guidelines were advisory. In these circumstances, the Government has not met its "arduous burden" of showing that the error was harmless. United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005) (internal quotation marks omitted). Accordingly, we vacate Navarette's sentence and remand to the district court for resentencing.

Navarette's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Navarette contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Navarette properly concedes

that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.